**\*JOHN KESZLER v. CITY OF CINCINNATI.**

1. ELECTION AS TO WHICH ACTION IS TO BE PROSECUTED.

Where a person sues several parties and then sues one of them separately on the same cause of action for the same relief, he should be required to elect which he should prosecute.

2. VACATION OF JUDGMENT AFTER TERM.

Where a demurrer has been filed and not disposed of, but a judgment rendered in the action, a motion to vacate the judgment filed two years thereafter, although not strictly in conformity to sec. 5354, Rev. Stat., but substantially so, should be allowed.

3. PAYMENT OF CONTRACTOR IN VALID ASSESSMENTS.

Where a contract with the city provides that the contractors shall look alone to the assessments to be transferred to them for the payment of their claim, and in no event look to the city therefor, they, and their assignee, will be bound thereby and can not recover anything against the city, even if the assessments so made are beyond the amount that the city was authorized to assess against the property, and could not be recovered in full. But in this case the city was bound to furnish to the contractors legal and valid assessments for the amount of their claim. And not having done so, and the assignee, for the reason stated not being able to obtain judgment for the full amount thereof, the deficiency may be collected by the assignee from the city, by action.

ERROR to the Court of Common Pleas of Hamilton county.

SMITH, C. J.

The first error assigned is, that the court of common pleas erred in vacating, at July term, 1887, a finding and judgment against the city in favor of plaintiff in error, entered at November term, 1885.

Briefly stated, the facts are as follows: The city of Cincinnati in 1884 made a contract with Adler & Co. to improve a street of the city. In payment therefor, Adler & Co. "agreed to receive the assessments upon the property made liable by law, to pay the costs and expenses of the improvement, and covenant not to make any claim, or bring any suit against the city under the contract, for any further or other compensation, than may be due them under the law of this state, and the ordinances of the city in relation thereto."

Adler & Co. did the work and received the assessments made therefor, and assigned

---

\* The judgment in this case was reversed by the supreme court, without report, May 1, 1889. Williams and Dickman, JJ., dissented.

their interest therein to the plaintiff, Keszler. Two of the persons owning lots so assessed, refused to pay the same, and plaintiff commenced two suits to recover the amounts (Nos. 72,043 and 72,044). The lot owners answered setting up the fact, that the property owned by them respectively, was not of sufficient value to pay the assessment against it. The city was then made a party defendant in each case, supplemental petitions having been filed, by which the plaintiff in each, asked a finding against the city for the amount of the assessment against the lots, which should be ascertained to be illegal. The city filed a general demurrer in each case, and the two cases were then consolidated, and proceeded under No. 73,043.

After this, the cases were tried on the issues made between the plaintiff and the lot owners, nothing having been done with the demurrer of the city, and no issue as to the city being tried. On this hearing, the court found that the value of the lots was not sufficient to sustain the assessment made thereon, and that they were only liable for $2,361.20 of the assessment thereon, and that the city was liable to pay to the plaintiff the balance thereof, to-wit: $2,697.22, with interest from November 2, 1886. No other judgment or finding against the city was entered.

Nothing further was done as to the claim against the city in this case until May 28, 1887, when its solicitor filed a motion to vacate the order before made, so far as it was concerned, and on the ground substantially, that there was irregularity in obtaining such order against it. The proceedings did not strictly conform to the terms of sec. 5354, which provide for the vacation of a judgment after the term at which it was rendered, but did so substantially, and the irregularity shown was, in making that order against the city when a general demurrer to the petition was on file, and without any hearing on the part of the city as to the facts in the case. We think the court was clearly right in vacating the order complained of.

On July 28, 1885, the same day that plaintiff filed the amended and supplemental petitions against the city in the other two cases, he filed his original petition in another case against the city, No. 73,597, asking substantially the same relief. This was bad practice, as there ought not to be two actions pending between the same parties and for the same relief at the same time, and on motion plaintiff should have been required to elect which he would prosecute. Afterwards, on May 23, 1887, he filed a supplemental petition setting out the judgment entered against the city in November, 1885, and seeking to enforce it; but this judgment having been vacated at July term, 1887, the three cases, by consent, were consolidated, and having been tried in the court of common pleas on the pleadings and an agreed statement of facts, judgment was rendered for the defendant and a motion for a new trial filed and overruled, and the question here made is, whether that judgment is against the law and the weight of the evidence.

In case No. 72,043, which is now a branch of this case, and to which the city was a party, the court found that the assessment in question, made against the lots of the original defendants, was invalid to the extent of $2,697.22 thereof, because it was that much too great for the value of the lots assessed. This would be binding upon the city even if it was rendered in an action to which it was not a party. There is even stronger reason why this is so, where it is a party to the suit in which it was so found.

It is well settled law in this state, that if the contractor agrees to receive an assessment in full payment, and not to look to the city for anything more in any event, he must stand by his contract. It is equally clear we think, that if the city is to furnish the contractor with valid assessments—those not in excess of its power to levy, and does not do this, but levies too much on a given lot, and for this reason a part of it can not be collected, it is responsible for this deficiency. It is simply a matter of contract between the parties, and the question in this case is what was the legal effect of the contract between the city and Adler & Co., the material language of which we have already quoted.

At the time of the making of this contract, we understand it to be conceded, that the statute then in force, provided that the cost of the improvement, exceeding the limit of 25 per cent., otherwise chargeable on such lots or lands, should be paid by the corporation out of its general revenue. It follows that the city council could not rightfully assess the lot more than one-quarter of its value, and if it does do so, it can not all be collected from the lot owner, but the city, under the express provision of the statute, is liable for and must pay such excess. And this would entitle the contractor to whom such excessive assessment had been assigned in payment for his work, to look to the corporation for this excess which he had failed to collect from the lot owner, unless his contract expressly provided that he should not do so, but should look alone to the assessment. Such a provision in a contract, as held by the supreme court in Welker v. City, 18 O. S., 453, is a virtual fraud on the lot owners who are assessed, and should not be introduced into a contract of this character, though if it is done it is binding upon the contractor. But in the one under consideration, in our judgment, there is not any such express stipulation. And it would be so unreasonable for a person to assume such a liability, and agree that no matter how much the assessment might exceed the amount which could legally be assessed upon a lot, he would re-

ceive it as full payment, that the meaning should be very clear before the court should so hold, particularly in view of the decision of Welker v. City, 18 O. S., 453 above referred to. But so far is this contract from containing any such express provision, that it seems to us the fair interpretation of it is, that a right is, impliedly at least, given to the contractor to sue for any compensation that may be due to him under the laws of the state. And we do not know what that provision can refer to, if it is not to a case of this kind. The liability is clearly upon the city by this law, to pay all of the assessment over 25 per cent. of the value of the lot assessed, and the contractor only stipulates that he will not sue the city for anything more than is due him under the laws of the state.

These principles, we think, are clearly settled by the cases of the City of Cincinnati v. Dickmeir, 31 O. S., 242, and Creighton v. the City of Toledo, 18 O. S., 447. In this last named case the court held, that when the contractor agreed to take the assessment in payment, and then brought his action against the lot owner to enforce the same, and sold the lot, but it did not bring a sufficient sum to pay his assessment, that this did not give him a right to collect the deficiency from the city. In effect, that the contractor who receives assessments in payment of his claim, assumes the risk that if the property is sold to pay the assessments on it it will produce enough to do so. But the court in the decision say, "that no question was made against the regularity of the assessment, nor does any question arise with lot owners, as to the assessment being excessive." This is an intimation at least, that if such were the fact, the right of the contractor might be different.

The case of Cincinnati v. Diekmeier, 31 O. S., 242, holds "that when a municipal corporation agrees with a contractor to pay a specified sum for a street improvement in assessments upon the abutting property, and the assessments levied and assigned to the contractor exceed twenty-five per cent. of the value of the property after the improvement is completed, the city is liable to the contractor for the difference." This, of course, is to be taken with the limitation clearly expressed in other cases, and recognized in this, that the rule does not apply where the contractor agrees that the assessments so made are received in full payment, and without any recourse upon the city.

This case of Cincinnati v. Dickman, *supra*, is the latest decision of the supreme court upon the question under consideration, to which we have been referred. But the case of the City of Cincinnati v. Crowley, decided by the district court of this county, and reported in 7 Dec. R. 596 (s. c. 4 Bull., 102), is later, and is relied on by the city solicitor as substantially holding that a contract similar to the one in this case, does prevent a recovery by the contractor from the city, when it turns out that the assessment is too large. The doctrine of the syllabus of the case "that under a contract, by the terms of which, the contractor was to receive and look for payment only to the assessments to be levied for the improvement, without recourse upon the city for the balance remaining unpaid, he cannot recover the balance from the city" is undoubtedly correct. But our view is that as before stated, that this contract is not of that character, and if the case referred to lays down the law differently, we think it is incorrect.

The judgment of the court of common pleas will therefore be reversed. And the case having been heard on an agreed statement of facts, we render a judgment for the plaintiff for the amount of his claim, such being the judgment which in our opinion should have been entered by the trial court.

I. J. Miller, for plaintiff in error.

T. A. Horstman, city solicitor, for defendant in error.